UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROY SKIDMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01636-LJM-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Roy Skidmore ("Petitioner") and the United States of America (the "Government") have filed a stipulation regarding his motion for relief from the judgment in Petitioner's criminal matter, 1:99-cr-00120-LJM-TAB-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), and the United States Court of Appeals for the Seventh Circuit's authorization for Petitioner to file a second or successive motion pursuant to 28 U.S.C. § 2255(h), *see United States v. Skidmore*, 1:99-cr-00120-LJM-TAB-1, Dkt. No. 2.

Petitioner was convicted as a felon in possession under 18 U.S.C. § 922(g)(1). At the time of sentencing, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 262 months to be followed by a five year term of supervised release; a Judgment and Conviction was entered to that effect on June 22, 2000. The three predicate felonies giving rise to Petitioner's status under the ACCA were: (1) second degree burglary, armed robbery in Clark County, Indiana; (2) batter in Delaware County, Indiana;; and (3) trafficking in controlled substances in Warren County, Kentucky.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional. *Johnson*, 135 S. Ct. 2551. Subsequently, the U.S. Supreme Court Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive. *Welch*, 136 S. Ct. at 1257. On June 23, 2016, the Seventh Circuit notified the Court that it had given Petitioner permission to proceed with a second and/or successive motion under 28 U.S.C. § 2255.

By stipulation of the parties, pursuant to *Johnson* and *Welch*, only Petitioner's burglary and battery convictions survive as a violent felony under the ACCA. Dkt. No. 8, ¶ 4. Petitioner and the Government further stipulate that no other conviction qualifies as a predicate conviction under 18 U.S.C. § 924(e). *Id.* Moreover, based on the underlying facts of the case and this analysis, the parties agree that the sentence imposed in this case as unconstitutional in that it exceeded the otherwise applicable statutory maximum penalty under 18 U.S.C. § 922(g)(1) of 10 years of incarceration and 3 years of supervised release. Petitioner has served in excess of the maximum sentence allowable. Therefore, the parties have stipulated that a sentence of 120 months of incarceration and a 3-year term of supervised release is sufficient, but not greater than necessary. Dkt. No. 8, ¶ 6.

The Court agrees that Petitioner's previous sentence was unconstitutional and that a reduction is necessary pursuant to *Johnson* and *Welch*. The Court concludes that the parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to 120 months of incarceration to be followed by a 3-year term of supervised release. A Judgment and

Commitment in the associate criminal matter shall be forthcoming.  Judgment consistent with this Order shall issue in this matter.

      **This Order shall also be entered on the docket in the underlying criminal action, *United States v. Skidmore*, Cause No. 1:99-cr-00120-LJM-TAB-1.**

      IT IS SO ORDERED this 17th day of March, 2017.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana




Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
OFFICE OF THE U.S. ATTORNEY
10 West Market Street, Suite 2100
Indianapolis, IN  46204
bob.wood@usdoj.gov

USPO

USMS